## COURT OF APPEALS.

### Dec. 10, 1907.

# THE PEOPLE v. GIOVANNI BONIFACIO.

(190 N. Y. 150.)

MURDER—REASONABLE DOUBT.

> Upon the trial of an indictment for murder in the first degree, in which the death of the deceased was established by direct evidence, and in which the issues were whether the wound was inflicted intentionally by the defendant or by accident, and if by his hand, whether it was in self-defense, a refuse to charge, upon the ground that the word "reasonable" was omitted, "that unless the evidence on both sides as a whole excludes every hypothesis except that of guilt, the defendant may be acquitted," is not erroneous. 1. Because the request called for an absolute certainty, in the exclusion of any hypothesis except that of guilt, while the law requires only a reasonable and moral certainty. 2. Even in a case depending wholly upon circumstantial evidence the request was improper, and in this case was inappropriate to the facts proved.
>
> People v. Bonifacio, 119 App. Div. 719, 21 Crim. Rep. 122, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1907, which affirmed a judgment rendered at the Montgomery County Trial Term upon a verdict convicting the defendant of the crime of murder in the second degree and an order denying a motion for a new trial.

The facts, so far as material, are stated in the opinion.

George M. Abbot and William E. Woollard for appellant. The court erred in denying the defendant's request to charge "that unless the evidence on both sides as a whole excludes every hypothesis except that of guilt, the defendant may be acquitted." (People v. Smith, 162 N. Y. 529; People v. Fitzgerald, 156 N. Y. 258; People v. Levalie, 6 App. Div. 230.)

*John S. Maxwell, District Attorney (Fox Sponable of counsel), for respondent.* The refusal to charge " that unless the evidence on both sides as a whole excludes every hypothesis except that of guilt, the defendant may be acquitted," was not erroneous. (*People v. Reavy,* 38 Hun, 418; 104 N. Y. 683; *People v. O'Connell,* 62 How. Pr. 436; *People v. Bennett,* 49 N. Y. 137; *People v. Fitzgerald,* 156 N. Y. 258; *People v. McCallam,* 4 N. Y. S. R. 291; 103 N. Y. 587; *Walker v. People,* 1 N. Y. Cr. R. 22; *People v. Harris,* 156 N. Y. 423; *People v. Burton,* 77 Hun, 498; *O'Connell v. People,* 87 N. Y. 377; *People v. Tobin,* 176 N. Y. 278.)

GRAY, J.   The defendant was charged in the indictment with the crime of murder in the first degree, for having killed Ralph Di Scibio, by intentionally and deliberately shooting him with a pistol, on August 7th, 1904.   His trial resulted in a verdict of murder in the second degree.   The Appellate Division, by the unanimous vote of the justices, has affirmed the judgment of conviction and, also, an order, which denied a motion for a new trial, made upon the ground of newly-discovered evidence.   The defendant has, further, appealed to this court; but, in so far as his appeal includes the affirmance of the order denying a new trial, the right to a review, in that respect, ceased at the Appellate Division.   It was within the discretion of the court below whether to grant the application, or not, and with the exercise of that discretion this court will not interfere. Upon the appeal from the affirmance of the judgment of conviction, all questions of fact, or as to the sufficiency of the evidence, must be regarded as conclusively settled and there is but one question of any importance, which presents itself for our consideration, and that was raised by an exception to a ruling upon a request to charge.   That the deceased was killed by a shot from a pistol drawn by the defendant is not disputed; but whether the shooting was intentional, or in self defense, or

accidental, as the result of a struggle between the two men, formed the issue at the trial. The defendant was one of a gang of laborers, employed upon some highway work, near the city of Amsterdam, in this state, and the deceased kept a store nearby. An altercation arose between them concerning a petty indebtedness, owing by the defendant. The testimony for the prosecution tended to establish that the deceased, on the day of the homicide, was insisting upon an immediate payment and that the defendant should then leave the work. Upon the latter saying that he had no money, the deceased threatened him with personal violence and came towards him. The defendant drew a revolver and cried out to " step back," or he would shoot. The deceased continued towards him and, when within a few feet of him, was shot. The defendant then ran away and the deceased pursued him for a short distance, when he fell to the ground and expired. The defendant was caught some miles away from the scene. The evidence for the defendant did not, substantially, differ as to the altercation between the two; but it tended to show that, when the deceased came forward with threats, he seized hold of the defendant and that, the latter then drawing his pistol, it went off in the scuffle, or as the result of the deceased's pulling at it. The defendant, in giving his account of the killing, denied any intention in drawing his pistol upon the deceased, other than that of frightening him. the trial judge, correctly enough, charged the jurors upon the law, defining and explaining to them the degrees of murder and of manslaughter, and the rule of presumption and he, fairly, stated to them the facts of the case. Upon the conclusion of his charge, he was requested by the defendant to charge, further, " that unless the evidence on both sides as a whole excludes every hypothesis except that of guilt, the defendant may be acquitted." He answered " I decline to charge in that way. You leave out the word reasonable." This ruling presents the one question, which justifies some consideration by

34

this court of this case. The jurors had been instructed, in the course of the main charge, that they were to determine whether the defendant had intended to kill the deceased, whether there was any motive shown, and that " in order to convict the defendant, the evidence must be sufficient to satisfy them beyond a reasonable doubt that he was guilty." Just before the request in question was made, the trial judge, also, at the defendant's request, had instructed the jurors that " the burden of proof rests upon the prosecution at all stages of the trial and never shifts to the defendant " and that " they must be satisfied on every proposition beyond a reasonable doubt." There can be no hesitation in concluding that the jurors had been carefully and correctly instructed upon a proposition of great importance to the defendant's right, as to the burden and *quantum* of proof.

Differing from the rule in civil cases, which demands that the case for either party shall be proved by a preponderance of evidence, the rule in criminal cases requires that the People shall establish their case against a defendant beyond a reasonable doubt. Proof " beyond a reasonable doubt " has been well defined to be that which amounts to a moral certainty, as distinguished from an absolute certainty. (*Commonwealth* v. *Costley,* 118 Mass. 1.) Doubt is a state of mind, in which a conclusion cannot be reached upon the question before it. If it is not due to mental inability to co-ordinate facts in evidence, it must arise from the absence of some material fact, or because such a fact has not been sufficiently established by the evidence and, therefore, the foundations for a belief are insufficient. The application of the rule of reasonable doubt is necessary in all cases; but, in cases depending wholly upon circumstantial evidence, it is proper to emphasize its application by coupling it with a statement that the circumstances must exclude beyond a reasonable doubt every hypothesis except that of guilt. In Starkie's work on Evidence, it is said that

" juries should convict, when they can do so safely and conscientiously, upon circumstantial evidence, which excludes all reasonable doubt," (720), and the rule is laid down by the same author that the circumstances should, to a moral certainty, exclude every hypothesis, but the one proposed to be proved. (575.)   The rule is referred to in the opinion of this court in *Ruloff* v. *People,* (18 N. Y. 179), in the discussion upon the proof in cases, where there is no direct proof of the death, or of the act of the defendant alleged to have caused death.

The defendant's request should not have been allowed for two reasons and the qualified refusal of the trial judge, in my opinion, was rather favorable to the defendant than otherwise, even if incorrect; for it applied a too rigid rule of law to the People's case.   The request was, in itself, technically improper; inasmuch as it called for an absolute certainty in the exclusion of any hypothesis except that of guilt.   Such a rule would make convictions upon circumstantial evidence impracticable.   The law deals rather in considerations of a moral nature and does not demand absolute certainty; it demands that the evidence shall establish the truth of the fact charged to a reasonable and moral certainty; that is to say, a certainty, which results from the reason being convinced and from the judgment being satisfied.   If, after a careful and impartial consideration and comparison of the evidence, the jurors can say that they entertain no reasonable doubt of the defendant's guilt and, therefore, are convinced of it, the requirements of the law will be satisfied. (See *Commonwealth* v. *Webster,* 5 Cush. 302, 320; *Commonwealth* v. *Costley, supra; Hopt* v. *Utah,* 120 U..S. 430, 439.) Whether the expression used is " beyond a reasonable doubt," or " to a moral certainty," is immaterial; for they are synonymous and each, simply, means that the proof must be such as would satisfy the judgment and consciences of the jurors that the crime charged had been committed by the defendant and that no other reasonable conclusion was possible.   (*Hopt* v.

*Utah, supra.*) In *People* v. *Smith,* (162 N. Y. at p. 529, 15 N. Y. Crim. 1), a request to charge that " the evidence must be so strong as to remove every other hypothesis than that of the defendant's guilt " was held to be improper; for the reason that " the rule is that the evidence must, to a moral certainty, or beyond a reasonable doubt, exclude, or remove, every other hypothesis than that of the defendant's guilt." Whether, within the opinion in *People* v. *Smith,* the qualification by the trial judge of the request, by making it a *reasonable* hypothesis, which the evidence should exclude, would be, in a proper case, reversible error, I doubt. In *Hopt* v. *Utah,* (*supra*), the United States Supreme Court approved an instruction that the jurors may reconcile the evidence upon any reasonable hypothesis and in *Commonwealth* v. *Costley,* (*supra*), it was said, that " proof ' beyond a reasonable doubt ' is not beyond all possible and imaginary doubt, but such proof as precludes every reasonable hypothesis except that which it tends to support." The distinction made by Judge LANDON, in his opinion in *People* v. *Smith,* between mere " hypothesis " and " reasonable hypothesis " upon the evidence, is somewhat subtle and I may not quite apprehend it; but it is not material to this case. That case was one where the fact charged was arson committed by the defendant and was one wholly of circumstantial evidence; while this is not. In the one case, there should be no possibility of confusion arising in the jurors' minds as to the right of the defendant to a verdict, that is only arrived at when every reasonable doubt as to the fact charged has been removed by the evidence of circumstances, which, when taken together, leave the hypothesis, or supposition, of guilt the sole one to be reasonably drawn therefrom. In this case, the fact charged was proved by direct evidence, through the testimony of eye-witnesses, and the guilt of the defendant depended upon the credence which the jurors gave to it. There might be doubt as to his intention; but that would be because of his statements

and not from the absence of some material fact. Attempts at definition are more apt to be confusing than helpful, when the term attempted to be defined is, in itself, neither abstrusely expressed, nor, being expressed in ordinary language, is difficult of understanding. The purport of the request we are considering was, plainly enough, an attempt to have defined further, what the trial judge had already sufficiently explained, the " reasonable doubt," which was to be the protection of the accused against a hasty, an arbitrary, or a speculative conclusion upon the facts.

The further reason for denying the request, beyond its technical inaccuracy, is this that it is one more properly made in a case wholly depending upon circumstantial evidence and was quite inappropriate to the facts proved. In *People* v. *Bennett,* (49 N. Y. 137), a case of circumstantial evidence, Chief Judge CHURCH laid down the rule that " in determining a question of fact from circumstantial evidence, there are two general rules to be observed: 1. The hypothesis of delinquency, or guilt, should flow naturally from the facts proved and be consistent with them all. 2. The evidence must be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him." In *People* v. *Fitzgerald,* (165 N. Y. 253, 13 N. Y. Crim. 36), also, a case of circumstantial evidence, Judge O'BRIEN laid down the same rule, using Chief Judge CHURCH's language: In *People* v. *Smith,* (*supra*), as already mentioned, the question of the propriety of the request was considered and denied in a case wholly depending upon circumstantial evidence. Now, in this case, the death of the deceased was established by direct evidence. It was proved to be the result of a shot fired from a pistol belonging to, and drawn by, the defendant and this is not disputed. Whether the wound was inflicted intentionally by the defendant, or by accident in his struggle with the deceased, and whether, if by his hand, it was in self-defense,

were questions to be answered upon the testimony given of the occurrence by eye-witnesses and by the defendant. If the jurors believed the witnesses for the prosecution, the defendant warned the deceased to keep away and, when he continued to approach, without seeking to avoid a conflict by going away, drew a pistol and shot him. If they believed the statements of the defendant and of his witnesses, he did not shoot the deceased; but the pistol, though drawn by him, was pulled out of his hand and was discharged in a struggle with the deceased. Thus, the determination of the issue by the jury, necessarily, turned upon their belief in the several statements of the occurrence. There were circumstances to be considered, obviously; because there are always such in every case. But the fact of the killing was not proved inferentially by circumstances; the circumstances attending the killing were proved and were helpful in coloring the principal fact; such as, for instances, the quarrel about defendant's indebtedness; the threats of the deceased and his insisting upon the defendant leaving the work upon which he was employed, and the defendant's running away immediately after the deceased was shot. While, therefore, the defendant was entitled to have the jurors instructed that they must extend to him the benefit of every reasonable doubt upon the evidence, he was not entitled to an instruction that they might acquit " unless the evidence on both sides as a whole excluded every hypothesis except that of guilt." Acquittal was to depend upon the credence they gave to the defendant's version of the occurrence; while the degree of his guilt would depend upon the jurors' view of the surrounding circumstances, in connection with his statements.

I advise an affirmance of the judgment.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment of conviction affirmed.