STATE OF IOWA v. LEM WHIMPEY, Appellant.

**Rape:** CORROBORATING EVIDENCE. In cases of rape the corroborating evidence contemplated by the statute is that which tends to single out and identify the defendant as the perpetrator of the crime.

**Instruction:** RESISTANCE OF PROSECUTRIX. An instruction that the jury must be satisfied beyond a reasonable doubt that defendant had carnal intercourse with prosecutrix against her will, and that she did not yield her consent at any time during the act, is not objectionable as failing to exact the utmost resistance on her part.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.
THURSDAY, NOVEMBER 19, 1908.

THE defendant was convicted of the crime of rape, and appeals.—*Modified* and *affirmed*.

*James A. Rice,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

LADD, C. J.—Appellant challenges the sufficiency of the evidence to sustain the verdict. It is enough to say, without rehearsing the details, that its evidence fully supports the finding of the jury.

Exception is taken to the fifth instruction, in that the jurors are told, without explanation, that, unless prosecutrix "be corroborated by other evidence tending to con-

nect the defendant with the commission of the offense," he should be acquitted. This is in the language of the statute, and it is doubtful whether any definition of what is meant could aid the comprehension. The items of evidence which might be considered as bearing thereon were enumerated, and the jury cautioned that it would be enough if the corroborating evidence "tends to strengthen and corroborate the prosecutrix in connecting the defendant with the commission of the offense, and point out the defendant as the person who committed the offense, if any was committed." This indicated precisely the thought counsel insists should have been incorporated in the charge, namely, that the corroboration contemplated by the statute is that which "tends to single out and identify the defendant as the perpetrator of the crime charged." See *State v. Waters,* 132 Iowa, 481; *State v. Baker,* 106 Iowa, 99; *State v. Norris,* 122 Iowa, 154; *State v. Stevens,* 133 Iowa, 684.

The ninth instruction is criticised as not exacting the utmost resistance on the part of the female. The jurors were instructed that, in order to convict, they "must be satisfied from the evidence, beyond a reasonable doubt, that he had carnal knowledge of the said Rachael Gross forcibly and against her will, and that she did not yield her consent during any part of the act. To constitute the crime of rape, the will of the female alleged to have been outraged must have been overcome by force. If she consents in the least during any part of the act, there is not such an opposing will as the law requires to convict on the charge of rape." This was a correct statement of the law, and as full as the facts of the case required. Had a more specific reference to the evidence been desired, an instruction should have been requested.

It is said, however, that, as prosecutrix was a strong woman, it should have appeared in resisting that she employed "her hands, body, legs, and other ordinary means

of reprisal to repel the assault, and protect her honor."
The means one person would employ in repelling a sudden
and lecherous assault might not occur to another. Much
necessarily depends on the nature of the attack, and to
what extent the ability to defend is paralyzed by fear.
If the evidence is sufficient to show that sexual intercourse
was had entirely against the will of the female and ac-
complished by force, this is all that is required to con-
stitute the crime of rape. The circumstances of this case
were such that the jury might well have found that prose-
trix resisted as well as she knew, and at no time yielded
her assent.

Lastly, appellant contends that the sentence was ex-
cessive, and counsel at bar made an eloquent plea for its
modification. Upon examination of the entire record, we
are inclined to think the point well taken, and therefore
the judgment will be reduced from thirty years to twenty
years in the penitentiary. As, so modified, the judgment
is affirmed.—*Modified and affirmed.*