■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD MORRIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 19, 1971, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts; count of robbery in the second degree dismissed; and new trial ordered upon the count of assault in the third degree. In April, 1969, defendant was indicted for robbery in the second degree, assault in the second degree and possession of weapons and dangerous instruments and appliances as a felony. In substance, he was accused of having, with the aid of accomplices, robbed an off-duty New York City probationary police officer of his loaded service revolver, of having physically injured the officer with the intent of preventing him from performing his lawful duty, and of having possessed the officer's revolver. After the latter count was dismissed during trial, the People secured a jury verdict convicting defendant of robbery in the second degree and assault in the third degree. In our opinion, the judgment rendered thereon should be reversed, the robbery count dismissed and a new trial ordered upon the count of assault in the third degree. First, the evidence does not prove beyond a reasonable doubt that the defendant or his accomplices intended "permanently or virtually permanently to 'appropriate' property or 'deprive' the owner of its use (§§ 155.00 [3, 4], 155.05 [1]) " (Practice Commentary, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 160.00, p. 483). The evidence shows that the officer's revolver was returned to the commander of a police precinct within less than two hours of its taking, proof that the revolver was taken during an assault upon the officer and not during a robbery

of him. Second, it was reversible error for the trial court to have informed the jury that the police officer, who had been accused by defendant and his companions of having menaced them with the revolver, had been found not guilty by the Civilian Complaint Review Board. The court's statement constituted prejudicial evidence in a case involving a very close question of credibility. Third, it was reversible error to bar defendant's interrogation of Captain Magner, an investigator for the Civilian Complaint Review Board, concerning whether Captain Magner had had a conversation with the police officer several days after the alleged offenses and whether that conversation was about the facts underlying those offenses. Any statements made to Captain Magner by the officer concerning those facts were relevant to the indictment and might have been admissible in impeachment of the officer. Lastly, under the circumstances at bar, it was reversible error for the court to have said to the jury: " Sometimes * * * [defendants] are given probation; they are discharged. * * * He [defendant] may even walk out and be discharged." While juries may be told that punishment is not their concern, beyond that instruction courts ordinarily should not go. In the case at bar, a juror might have heard in the court's language the unsent message that defendant, if convicted, would be conditionally discharged, leading the juror to a scrutiny of the evidence less close than that to which defendant was entitled. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.