■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS TULLO, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 29, 1971, convicting him of attempted murder (two counts), kidnapping in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and sentencing him on each count to an indeterminate prison term of not more than 24 years and not less than 8 years, the sentences to run concurrently. Judgment affirmed. The evidence established that defendant and one John C. Ferranto robbed Frank Dell Accio and Richard Goldberg as they were on their way to make a bank deposit of supermarket receipts, forced them into an automobile and drove them from Nassau County to Suffolk County and that defendant had them get out of the car in a wooded area and then shot them. The trial commenced at a time when the Criminal Procedure Law was in effect and its provisions apply (CPL 1.10). Section 134 of the former Code of Criminal Procedure provided that, if the acts requisite to the consummation of a crime occurred in two counties, jurisdiction was in either county. Under that statute, Nassau County clearly would have had jurisdiction of the attempted murder charge, as acts requisite to its consummation (the kidnapping) occurred in that county. However, the Criminal Procedure Law has formulated different rules with regard to jurisdiction. Section 20.40 of that law provides, in relevant part, that a county has jurisdiction of the trial of an offense if conduct occurred within the county sufficient to establish an element of the offense (CPL 20.40, subd. 1, par. [a]). Pursuant to this statute, the jury was charged that it must find, beyond a reasonable doubt, that the intent to murder was formulated in Nassau County, in order to convict defendant of attempted murder. The car used for the kidnapping was owned by Ferranto, the driver. Neither defendant nor Ferranto made any effort to hide his face from the victims. There was no conversation in the car between the perpetrators. They drove directly from the bank to a dark wooded area in Suffolk County, where defendant ordered the victims out of the car and told them to begin walking into the woods. As they proceeded on their way, he shot them both in the back. This course of conduct is the clearest possible evidence that at all times the perpetrators intended to kill their victims. The circumstances established to a moral certainty the fact that defendant and Ferranto intended, from the outset, to kill Dell Accio and Goldberg. Defendant contends that the trial court erred in its failure to charge the requisite degree of proof essential to a circumstantial evidence case. We are of the view, however, that the failure to so charge was not error. The New York rule, as described by Dean Jerome Prince, is: " Where the prosecution relies *wholly* upon circumstantial evidence to establish the guilt of the accused, the circumstances must be satisfactorily established and must be of such a character as, if true, to exclude to a moral certainty every other hypothesis except that of the accused's guilt " (Richardson, Evidence [9th ed., Prince], § 152, p. 138 [emphasis supplied]). The leading New York cases which have applied the rule either expressly limit its application to cases in which guilt is wholly proved by circumstantial evidence or which involve fact patterns in which the facts are such that guilt was established solely by means of circumstantial evidence (see, e.g., *People* v. *Leyra*, 1 N Y 2d 199, 206; *People* v. *Harris*, 306 N. Y. 345, 351; *People* v. *Fitzgerald*, 156 N. Y. 253, 258; *People* v. *Blake*, 5 N Y 2d 118, 119-120; *People* v. *Taddio*, 292 N. Y. 488, 489, 497; *People* v. *Weiss*, 290 N. Y. 160, 163; *People* v. *Cleague*, 22 N Y 2d 363, 365-366; *People* v. *D'Anna*, 243 App. Div. 259). The proof of guilt in this case was direct, not circumstantial. There was direct proof of the robbery, of the kidnapping and of the shooting by defendant. The only element proven by circumstantial evidence was the intent to murder. That element was itself

proven by the number of shots fired in Suffolk County. The question was as to where the intent was formulated. In *People* v. *Bonifacio* (190 N. Y. 150) there was direct evidence that the decedent was killed by a shot from a pistol drawn by the defendant. The major issue in the case was whether the shot was fired intentionally, accidentally or in self-defense. Various witnesses supplied differing versions of the altercation between the defendant and the decedent. The Trial Judge refused to charge, as requested, the rule as to circumstantial evidence. The Court of Appeals noted that the case before it was not one where proof of guilt consisted wholly of circumstantial evidence. It commented (pp. 156–157): " Now, in this case, the death of the deceased was established by direct evidence. It was proved to be the result of a shot fired from a pistol belonging to, and drawn by, the defendant and this is not disputed. Whether the wound was inflicted intentionally by the defendant, or by accident in his struggle with the deceased, and whether, if by his hand, it was in self-defense, were questions to be answered upon the testimony given of the occurrence by eyewitnesses and by the defendant. * * * Thus, the determination of the issue by the jury, necessarily, turned upon their belief in the several statements of the occurrence. There were circumstances to be considered, obviously; because there are always such in every case. But the fact of the killing was not proved inferentially by circumstances; the circumstances attending the killing were proved * * *. While, therefore, the defendant was entitled to have the jurors instructed that they must extend to him the benefit of every reasonable doubt upon the evidence, he was not entitled to an instruction that they might acquit ' unless the evidence on both sides as a whole excluded every hypothesis except that of guilt.' Acquittal was to depend upon the credence they gave to the defendant's version of the occurrence; while the degree of his guilt would depend upon the jurors' view of the surrounding circumstances, in connection with his statements." In *Bonifacio* the intent to murder was proved directly. There was merely a question, resolvable by the circumstances of the case, as to when the intent was formulated. The resolution of this issue here, as in *Bonifacio*, did not require resort to the degree of proof required in cases where the proof of guilt was wholly circumstantial (see *People* v. *Mirenda*, 23 N Y 2d 439, 453; *People* v. *Adrogna*, 139 App. Div. 595, 597). We have considered defendant's remaining contentions and find them to be without merit. Martuscello, Acting P. J., Latham, Shapiro, Brennan and Benjamin, JJ., concur.