OPINION OF THE COURT
Jones, J.
On trial for rape, defendant requested a charge that "[t]o be guilty of rape in the first degree the victim must oppose the perpetrator to the utmost limit of her power by genuine and active resistance”. The trial court declined the request and instructed the jury by reading the relevant provisions of subdivision 1 of section 130.35 and of subdivision 8 of section 130.00 of the Penal Law and then added the following explanation of "forcible compulsion”: "Obviously the degree of force required to place somebody in fear will vary with the person involved. It may take a great deal of force to—or a great deal of threat to overcome resistance of some people. It may require far lesser degree to overcome the resistance of others. So the law allows you to determine as jurors whether or not, if there was force used here, whether it was forcible compulsion within the meaning of the statute.”
On appeal the Appellate Division found the instructions as given insufficient and held that it was error to have denied defense counsel’s request. "This charge should have been given * * * and it was error to refuse to do so. In fact, one searches in vain for any reference by the trial court for language used by the appellate courts, e.g., 'feigned or passive or perfunctory resistance’ is not enough. Also we find lacking that the 'resistance must be genuine and active’.” (55 AD2d, p 168.) Accordingly the Appellate Division reversed on the law and remanded the case for a new trial. We disagree and therefore reverse the disposition in that court.
The so-called "utmost resistance” charge has been widely discredited* and was rejected by our Legislature in the 1965 *100 enactment of subdivision 8 of section 130.00 of the Penal Law (and cf. L 1977, ch 692, eff Sept. 1, 1977).
It is true that the testimony with respect to the sexual encounter between this complainant and this defendant was, to say the least, different from that met with in most rape cases—the readiness of the complainant to establish an initial acquaintance when defendant inadvertently reached her on the telephone; the complainant’s willingness then to go alone with defendant to his apartment for breakfast; her volunteered description to defendant of her two recent sexual experiences; the initiation by the complainant of a telephone call to defendant to apologize for her tearful rejection of his improper sexual advances and to express her wish to see him again and "to make it up to him”; the readiness of the complainant the next evening to return to defendant’s apartment after having had dinner with him, even making arrangements for the transfer of an anticipated incoming telephone call from her father; and finally the behavior of the complainant according to her own story at the time of the act of sexual intercourse. Accordingly, we agree with the Appellate Division that: "It is evident, therefore, that the most important issue which the jury had to pass upon was the issue of whether the complainant participated in the sexual act voluntarily or whether she was the victim of force. Under the circumstances it was of the greatest importance for the jury to have had a very clear understanding of what constitutes rape in the first degree” (55 AD2d, pp 166-167).
 While it may be asserted that the instructions given by the trial court were minimal, convictions are not to be set aside because, on reflection in tranquility, better charges could have been composed. Unlike most other human activities rape is an encounter the nature and dynamics of which can be perceived by the average person, including a juror; the reality *101 of the situation is apprehended without minutely detailed analysis. It follows then that a failure to give unnecessarily expanded, meticulous instructions with respect to the meaning and application of the concept of "forcible compulsion” in rape cases may be less significant than might otherwise be true. Of course, the individual circumstances of each case will always determine the scope of the particular instructions. We cannot conclude that defendant was prejudiced in this case in consequence of the trial court’s failure to give an elaborated charge.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for determination of the facts (CPL 470.40, subd 2, par [b]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed and the case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

 The drafters of the Model Penal Code discarded the "utmost resistance” standard (ALI Model Penal Code, Comment, at p 247 [Tent Draft No. 4, 1955]). Other commentators have repudiated the charge (e.g., Berger, Man’s Trial, Woman’s Tribulation: Rape Cases in the Courtroom, 77 Col L Rev 1, 8, 11; Note, Recent Statutory Developments in the Definition of Forcible Rape, 61 Va L Rev 1500, 1507-1510; Comment, Towards a Consent Standard in the Law of Rape, 43 U Chi L Rev 613, 620). The standard has been rejected by almost every court that has considered the question. (Laughlin v United States, 368 F2d 558, 559; Harrison v State, 222 Ark 773, 778-779; People v Stewart, 109 Cal App 2d 334; People v Lay, 66 Cal App 2d 889; Magwire v People, 77 Col 149, 151-155; State v Esposito, 122 Conn 604, 606-607; State v Shields, 45 Conn 256, 264; State v Dill, 42 Del 533, 537-538; Thomas v State, 167 So *100 2d 309, 310 [Fla]; Curtis v State, 236 Ga 362, 362-363; State v Neil, 13 Idaho 539, 547-548; Dixon v State, 264 Ind 651 [1976]; State v Whimpey, 140 Iowa 199, 200-201; State v Moore, 110 Kan 732, 734-735; State v Smith, 192 Neb 794, 796; State v McPherson, 135 NJ Super 203, 205; Bulls v State, 33 Okla Cr 64, 68-69; Kidd v State, 97 Okla Cr 415, 417; State v Verdone, 114 HI 613, 619-622; State v Sudduth, 52 SC 488, 490-492; State v Thompson, 71 S Dak 319, 333; King v State, 210 Tenn 150; State v Horne, 12 Utah 2d 162, 166; State v Roberts, 91 Utah 117, 124-125; Barnett v Commonwealth, 216 Va 200, 202-203; State v Pilegge, 61 Wash 264, 267-268.) Only a few States retain the "utmost resistance” standard by judicial interpretation and in these States the standard is applicable in limited situations. (See State v Denton, 101 Ariz 455, 458; State v Dizon, 47 Hawaii 444.)