OPINION OF THE COURT
Con. G. Cholakis, J.
The defendant is charged with the crimes of attempt to commit murder in the second degree and conspiracy in the first degree. As part of an omnibus motion, he has moved for an order granting an inspection of the Grand Jury minutes and for a dismissal of both counts of the indictment.
It appears from the testimony before the Grand Jury that the defendant, near the end of January, 1977, came to Troy, New York, in an attempt to hire one Hubert Terry to murder his wife. The scheme allegedly devised by the defendant would have Hubert Terry or someone he in turn had recruited, throw a radio into the defendant’s wife’s bathtub while she was bathing in her home in Clifton Park, Saratoga County, New York, thereby electrocuting her.
Pursuant to that scheme and during the evening of January 31, 1977, the defendant induced his wife to take a bath, opened the door to his residence, placed the sum of $400 as payment on the hood of his car and then signaled for Hubert Terry and three other persons who had accompanied Terry to Saratoga County to enter the house and kill the defendant’s wife according to plan.
Unknown to the defendant, Hubert Terry never intended to carry out the scheme and instead took the money from the hood of the car and reported the incident to the Troy Police Department.
The District Attorney concedes that Hubert Terry never intended to comply with the defendant’s request to kill his wife.
The defendant’s motion to dismiss the conspiracy count of the indictment rests upon the argument that there was no conspiracy. That is, that there was insufficient evidence before the Grand Jury to establish that there was an agreement between the defendant and Hubert Terry or any other person having the requisite criminal intent to commit the crime and, absent that agreement, there could be no conspiracy.
The Grand Jury minutes are clear and it is conceded by the *467 People that neither Hubert Terry nor those persons who accompanied him to the defendant’s house in Clifton Park ever intended to carry out the defendant’s scheme.
Section 105.00 of the Penal Law defines conspiracy as follows: "A person is guilty of conspiracy * * * when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct.” (See, also, Penal Law, §§ 105.05, 105.10, 105.15.)
An essential element of the offense is that there be an agreement. Conspiracy by its very nature requires a corrupt intent in the minds of at least two or more persons. (People v Mackell, 47 AD2d 209.) The Appellate Division, Fourth Department, in People v Bauer (32 AD2d 463, 466, affd 26 NY2d 915) said: "It is well established that to constitute the crime of conspiracy there must be a corrupt agreement between two or more individuals entered into with a criminal intent to do an unlawful act either as a means or an end, followed by an overt act to effect the object of the agreement.”
The People argue that section 105.30 of the Penal Law has modified the foregoing principles. That section provides as follows: "It is no defense to a prosecution for conspiracy that, owing to criminal irresponsibility or other legal incapacity or exemption, or to unawareness of the criminal nature of the agreement or the object conduct or of the defendant’s criminal purpose or to other factors precluding the mental state required for the commission of conspiracy or the object crime, one or more of the defendant’s co-conspirators could not be guilty of conspiracy or the object crime.”
In People v Cardosanto (84 Misc 2d 275), the court held that in view of section 105.30 of the Penal Law, police officers may be coconspirators notwithstanding the lack of criminal intent on their part. That decision was expressly disapproved in People v Teeter (86 Misc 2d 532, 535-536), where the court said: "It seems to me that that section relates to a person’s lack of criminal intent due to the lack of mental capacity or unawareness precluding the formation of a criminal intent, not to a situation where, as here, we are dealing with a person with full possession of his mental faculties and a full awareness of his situation. If this section were applicable, that all it takes to constitute a conspiracy in the first degree is one person with criminal intent combining with a police officer without such. If this is the law, we are, in effect, raising the *468 crime of solicitation to a class B felony when the highest grade given to that crime by the Legislature (Penal Law, § 100.10) is a class D felony.”
Similarly in Marks and Paperno, Criminal Law in New York Under the Revised Penal Law (§ 66, pp 100-101), the authors express the opinion that section 105.30 does not change the rule that there must be a corrupt agreement between two or more individuals each possessing the prescribed mens rea. The section merely provides that there can be no exoneration predicated on the failure of responsibility on the part of one or more coconspirators.
Solicitation and conspiracy are separate and distinct offenses. Conspiracy carries an increased punishment because concerted criminal activities present a greater potential threat to the public than individual conduct. Where the agreement of another is simulated and without an intent to perform there is no concerted activity for which the crime of conspiracy, with its increased punishment, was intended.
While the Grand Jury minutes are legally sufficient to establish the offense of solicitation, they are insufficient to support the conspiracy count. The defendant’s motion to dismiss the second count of the indictment is therefore granted.
The defendant has moved to dismiss the first count of the indictment charging him with the crime of attempt to commit murder in the second degree because no conduct occurred within Rensselaer County sufficient to confer jurisdiction upon the court. CPL 20.40, defining the geographical jurisdiction of criminal courts, requires that conduct occur within a county sufficient to establish an element of the offense, or of an attempt, or a conspiracy to commit such offense.
It appears that the only act perpetrated in Rensselaer County was the defendant’s attempt to recruit Hubert Terry to carry out the scheme to murder his wife. All the other events surrounding this rather bizzare plot occurred within Saratoga County.
As outlined above, the evidence is insufficient to establish that a conspiracy was entered into in Rensselaer County. In order for conduct constituting an attempt to have occurred in Rensselaer County, acts would have had to be carried out here which would have brought the defendant’s project within dangerous proximity to its successful completion (People v Ditchik, 288 NY 95). The evidence does not support such a *469 finding. Did then, conduct constituting an element of the offense occur here? This jurisdictional question was presented in People v Tullo (41 AD2d 957), where the defendant and another robbed two victims as they were on their way to make bank deposits, forced them into an automobile in Nassau County, drove to Suffolk County and shot them in the back. In a prosecution for attempted murder, the jury was charged, pursuant to CPL 20.40, that it must find beyond a reasonable doubt that the intent to murder was formulated in Nassau County in order to convict the defendant of attempted murder. The court held that the circumstances established to a moral certainty that the defendant and his accomplice intended from the outset to kill their victims and that therefore the jury was justified in finding from the conduct of the perpetrators that their intent to murder their victims was formulated in Nassau County.
But in the instant case, there is no showing where the defendant’s intent was formulated. His intent was merely manifested here in his attempt to hire Hubert Terry. The manifestation of such intent within Rensselaer County, without more, is not sufficient conduct to confer jurisdiction upon the court under CPL 20.40.
The defendant’s motion to dismiss the first count of the indictment is granted on the ground that there exists a jurisdictional impediment to conviction. This decision being dispositive of the Indictment R-4878, the court has not considered the balance of the defendant’s omnibus motion.
The court hereby authorizes the District Attorney, if he desires, to re-present this case to the Grand Jury in accordance with this opinion.