(May 9, 1978)

■ The People of the State of New York, Respondent, v David Yanik, Appellant.—Judgment of conviction, Supreme Court, New York County, rendered July 7, 1975, of the crime of rape, first degree, and related crimes, sentencing defendant-appellant to concurrent indeterminate terms of imprisonment not to exceed three years, unanimously reversed, on the facts, and the indictment dismissed. The issue in the case was whether the act of intercourse, which both complainant and defendant agreed had occurred, was consented to or forcibly compelled. We reversed and remanded for a new trial because of asserted errors in the charge (55 AD2d 164). On remittitur, we examine the case for a second time. On our first examination, we held, without passing judgment on the facts, that the charge as to the element of force was deficient in respect of the degree of resistance required on the complainant's part. But the Court of Appeals held the charge to be sufficient. (43 NY2d 97.) In remitting to us "for determination of the facts (CPL 470.40, subd 2, par [b])," (p 101), the Court of Appeals trenchantly observed (p 100): "It is true that the testimony with respect to the sexual encounter between this complainant and this defendant was, to say the least, different from that met with in most rape cases—the readiness of the complainant to establish an initial acquaintance when defendant inadvertently reached her on the telephone; the complainant's willingness then to go alone with defendant to his apartment for breakfast; her volunteered description to defendant of her two recent sexual experiences; the initiation by the complainant of a telephone call to defendant to apologize for her tearful rejection of his improper sexual advances and to express her wish to see him again and 'to make it up to him'; the readiness of the complainant the next evening to return to defendant's apartment after having had dinner with him, even making arrangements for the transfer of an anticipated incoming telephone call from her father; and finally the behavior of the complainant according to her own story at the

time of the act of sexual intercourse." This description of complainant's conduct is so at odds with the thesis that the sexual relation between the parties had been compelled as indeed to give rise to an inference that defendant may well have felt that there was an invitation to him to do as he did. Therefore, it must be concluded that the accusation of forcible rape in the depicted circumstances is not compatible with ordinary human experience. The jury's verdict is therefore "against the weight of the evidence" (CPL 470.15, subd [5]). We take it to mean that the prosecution evidence, in this case, considered by itself, raises sufficient doubt for which there is an articulable reason, as to form a basis for withholding the case from the jury. In the circumstances, a contrary verdict should be set aside. Concur—Murphy, P. J., Kupferman, Birns, Lane and Markewich, JJ.