■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SALGADO, Appellant. — Judgment of the Supreme Court, Kings County (Krausman, J.), rendered May 10, 1983, affirmed. (See *People v Pellegrino,* 60 NY2d 636; *People v Santiago,* 100 AD2d 857; *People v Moore,* 91 AD2d 1050; *People v Cherry,* 59 AD2d 722.) Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN SCHWEITZER, Appellant. — Appeal by defendant from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed September 22, 1983, upon his plea of guilty, upon his conviction of criminal sale of a controlled substance in the second degree, the sentence being a term of imprisonment with a minimum term of three years and a maximum of life.

Sentence affirmed (see *People v Broadie,* 37 NY2d 100, cert den 423 US 950; *People v Brown,* 105 AD2d 509; *People v Piccoli,* 62 AD2d 1078; see, also, *People v Robinson,* 105 AD2d 762; *People v Kazepis,* 101 AD2d 816). Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRU STANCU, Also Known as DIMITRU STANCA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered June 8, 1983, convicting him of rape in the first degree, sexual abuse in the first degree and assault in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

While the testimony of defendant and the complainant conflicted on the issue of forcible compulsion, as a matter of law it cannot be said that the evidence, viewed in a light most favorable to the prosecution, was legally insufficient (*People v Walstatter,* 53 NY2d 871; *People v Stoesser,* 92 AD2d 650).

We have reviewed defendant's other contentions and find them to be without merit. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.