■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PORRATA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered July 3, 1984, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although the testimony of the complainant and the defendant was in sharp conflict on the issue of forcible compulsion, the witnesses' credibility was for the jury to determine *(see, People v Gruttola,* 43 NY2d 116, 122), and it cannot be said as a matter of law that the evidence, when viewed in the light most favorable to the prosecution, was legally insufficient *(People v Walstatter,* 53 NY2d 871, *affg* 73 AD2d 175; *People v Contes,* 60 NY2d 620; *People v Stancu,* 106 AD2d 592). The complainant testified that the defendant, in response to her resistance to his attack, told her that he had a knife, and that nothing would happen to her as long as she did as he wanted. She also testified that she cooperated with the defendant only because she felt it was her best chance to get away unharmed. This clearly constituted forcible compulsion under the then-applicable statutory definition (L 1977, ch 692, § 2), since the attack was accompanied by "a threat, express or implied, that place[d] a person in fear of immediate death or serious physical injury" *(cf.* Penal Law § 130.00 [8] [b]).

We are not persuaded by the defendant's contention that the court committed reversible error by failing to grant his request for a supplemental charge further explaining the limited probative value of the fact of the defendant's flight from the jurisdiction. While the court's minimal instruction to the jury that such evidence of consciousness of guilt was only

of slight value would have been better had it also included a brief explanation why flight could also be consistent with innocence *(cf. People v Moses,* 63 NY2d 299, 308; *People v Yazum,* 13 NY2d 302, 304; *People v Limage,* 57 AD2d 906, *affd* 45 NY2d 845; 1 CJI [NY] 9.16 p 487), the omission does not warrant overturning the conviction as it did not result in the denial of a fair trial *(see,* CPL 470.05 [1]; *People v Yanik,* 43 NY2d 97, 100-101; *People v Kingston,* 8 NY2d 384, 387). Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.