THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PETER YANNUCCI, ALFRED DE VIVA, ANDREW GROSSI, WALLACE TADDEO and DOMINICK YANNUCCI, Respondents.

Argued April 25, 1940; decided July 24, 1940.

*Charles P. Sullivan*, District Attorney (*J. Irwin Shapiro* and *Edmund C. Rowan* of counsel), for appellant. Since the orders of reversal specify that the reversals were made on the law it must be presumed that the Appellate Division reviewed the facts and were satisfied with the conviction in that respect. (*People* v. *Marino*, 271 N. Y. 317; *People* v. *Bellows*, 281 N. Y. 67.) The record discloses ample evidence to justify the verdict of guilty, and consequently, more than justifies the Court of Appeals in finding, as a matter of law, that there is *prima facie* proof of the crime. (*People* v. *Dohring*, 59 N. Y. 374; *People* v. *Bowles*, 3 N. Y. Crim. Rep. 447; *People* v. *Connor*, 126 N. Y. 278; *People* v. *Clemons*, 37 Hun, 580.)

*Samuel S. Leibowitz* and *Julius A. Itzkowitz* for respondents. The evidence failed to establish the crime of rape. (*People* v. *Connor*, 126 N. Y. 278; *People* v. *Carey*, 223 N. Y. 519; *People* v. *Dohring*, 59 N. Y. 374; *People* v. *Clemons*, 37 Hun, 580; *People* v. *Morrison*, 1 Park. Crim. Rep. 625; *People* v. *Quin*, 50 Barb. 128; *People* v. *Abbott*, 19 Wend. 192; *People* v. *Ledwon*, 153 N. Y. 10; *People* v. *Gluck*, 188 N. Y. 167; *People* v. *Scharf*, 217 N. Y. 204.) There was no evidence of corroboration as required by section 2013 of the Penal Law. (*People* v. *Taleisnik*, 225 N. Y. 489; *People* v. *Page*, 162 N. Y. 272; *People* v. *Friedman*, 139 App. Div. 795; *People* v. *Downs*, 236 N. Y. 306; *People* v. *Carey*, 223 N. Y. 519; *People* v. *Page*, 162 N. Y. 272; *People* v. *Countryman*, 201 App. Div. 805; *People* v. *Shaw*, 158 App. Div. 146; *People* v. *O'Sullivan*, 104 N. Y. 481; *People* v. *Kearney*, 110 N. Y. 188; *People* v. *Plath*, 100 N. Y. 590; *Kenyon* v. *People*, 26 N. Y. 203; *People* v. *O'Farrell*, 175 N. Y. 323; *Higgins* v. *People*, 58 N. Y. 377; *People* v. *Doyle*, 158 App. Div. 37.)

CONWAY, J. Six defendants were tried for the crime of rape, first degree, upon an indictment which charged the commission of the crime upon complainant " when her resistance was *prevented* by fear of immediate and great bodily harm, which she had reasonable cause to believe

would be inflicted upon her." (Italics supplied.) The complainant testified that she offered no further resistance after the appearance of three of the defendants other than Yannucci; that she realized she could not get away; that she was completely paralysed, speechless and numb. One defendant did not appeal.

There is only one question involved here. The Appellate Division reversed on the law. Section 543-a of the Code of Criminal Procedure reads as follows: "The judgment or order of the appellate division reversing a judgment of conviction shall state whether the reversal was made upon the facts or upon the law or upon both the law and the facts, as in civil cases. Where the order only specifies that the reversal is for error of law, it shall be presumed, for the purpose of an appeal to the court of appeals, that the appellate division reviewed the facts and was satisfied with the conviction in that respect, and that but for the alleged error of law, it would not have reversed the conviction."

That leaves a very narrow point to be decided. In *People* v. *Marino* (271 N. Y. 317) there was an indictment for receiving stolen goods. The reversal there was upon the law. Chief Judge CRANE said: "Although the Appellate Division reversed, it did so solely upon the law, giving effect to the provisions of section 543-a of the Code of Criminal Procedure, which states that such a reversal is an affirmance of the facts. Therefore, the facts which have been affirmed are that this defendant received, concealed and withheld Joseph Bichelman's automobile, knowing it to have been stolen and intending to deprive the owner of it."

Paraphrasing that statement in the instant case, the facts which have been affirmed are that the defendants perpetrated an act of sexual intercourse with the complainant, a female not the wife of any of them, against her will and without her consent, when her resistance was prevented by fear of immediate and great bodily harm which she had reasonable cause to believe would be inflicted upon her. The

reversal was upon the law for failure to establish corroboration.

Taking up, then, the narrow point involved. While corroboration is needed as to every fact, all the facts are conceded or admitted except whether the resistance of the complainant was prevented by fear of immediate and great bodily harm, which she had reasonable cause to believe would be inflicted upon her. It is admitted that defendants had sexual intercourse with her and conceded that she was not the wife of any of them.

From the time she was taken to the " shack " until about six o'clock in the morning the six defendants admittedly had intercourse with her in the shack and in a car parked in the lot in which the shack was located. In addition to the six defendants, complainant testified that there were two or three other men, also participants, but who had not been apprehended.

It would seem that there is no way jurymen can ever determine whether a woman fails to resist attack because of fear of immediate and great bodily harm, which she has reasonable cause to believe will be inflicted upon her, unless they consider the surrounding circumstances. Whether no resistance was offered because of fear is dependent upon the state of the woman's mind. Defendants urge that complainant's failure to resist was not due to fear; she says it was. That was, therefore, a question of fact for the jury to determine from the circumstances: the type of woman, the lonely location, the apparent futility of any resistance and the number of men there. The higher the type of woman and the more highly strung, the more likely might she be, when faced with a situation such as this, to be paralyzed, speechless and numb and to be prevented by fear from resisting. That was for the jury to say. The complainant here was a young woman, a graduate of a university abroad, who had come to this country two months before the occurrence in question to be employed by an institute of international repute and was so employed out on Long Island as research assistant. She was observed and her veracity passed upon by the jury.

Since no part of the complainant's version of what occurred is disputed (no one of defendants testified), except that her resistance was prevented by fear of immediate and great bodily harm, which she had reasonable cause to believe would be inflicted upon her, she was amply corroborated by (1) the admissions of the defendants, (2) the conceded fact that she was confronted by a number of men in a lonely lot in a place where no help was likely to be available, (3) the testimony of the physician as to her physical condition on the day of the occurrence which made examination impossible and her condition upon examination the following day, indicating as he testified, that it could not have resulted from any amount of prolonged normal sexual intercourse, (4) her appearance immediately after the crime and her prompt complaint. (*People* v. *Terwilliger*, 74 Hun, 310; affd. on opinion below, 142 N. Y. 629; *People* v. *Bowles*, 3 N. Y. Crim. Rep. 447, 453; *People* v. *Clemons*, 3 N. Y. Crim. Rep. 565, 572; *Baccio* v. *People*, 41 N. Y. 265, 268.)

*People* v. *Dohring* (59 N. Y. 374), relied upon by defendants, is readily distinguishable from the instant case. In that case this court said at page 382: " The resistance must be up to the point of being overpowered by actual force, or of inability from loss of strength longer to resist, *or from the number of persons attacking resistance must be dangerous or absolutely useless,* or there must be duress or fear of death. * * * there was but one for the prosecutrix to oppose, and he a man in years; * * *."

As to each defendant, the order of the Appellate Division should be reversed and the judgment of the County Court affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Judgment accordingly.