J. Rahdall Creel, J.
The defendant was tried before ns on a charge of impairing the morals of a minor in violation of section 483 of the Penal Law. The basic evidence consisted of the unsworn statement of the complainant, and the testimony of the arresting officer as to defendant’s admissions, and a written, signed statement of the defendant. The father of the complainant testified as to the birth date of the child which indicated that she was in her fifth year at the time of the trial and was in her fourth year at the time of the alleged offense. The defense rested upon the People’s case and moved to dismiss upon the grounds, among others, that the complainant was non sui juris, that her unsworn statement was totally unreliable and incompetent, that the unsworn statement and the admissions and confession of the defendant both required corroboration and *477 that one could not properly corroborate the other. The court reserved decision and requested briefs.
The facts of this case bring into sharp focus the question of the unsworn statement of a child of tender years, the support of such unsworn statement by other evidence which the statute requires (Code Grim. Pro., § 392) and the unsworn statement as additional proof that the crime has been committed, in support of the defendant’s admission (Code Grim. Pro., § 395).
It is urged upon us as a matter of law, no conviction for impairing the morals of a child may validly rest on such unsworn testimony unless it is corroborated in every material part by other testimony (citing People v. Porcaro, 6 N Y 2d 248, 252; People v. Oyola, 6 N Y 2d 259; People v. Meeks, 283 N. Y. 694) and it is further urged upon us that the defendant’s admissions and written, signed statement or confession are, as a matter of law, insufficient to support the unsworn testimony of the complainant as required by section 392 of the Code of Criminal Procedure, citing People v. Dutton (305 N. Y. 632).
The admissions made by the defendant at the time he was questioned and before arrest are complete as to every material part of the crime charged. The police officer secured a written statement from the defendant in the defendant’s handwriting, signed by the defendant, which also is complete as to every material part of the alleged crime. This admission was apparently entirely voluntarily made, no objection was interposed by the defendant, and it was received into evidence without objection or cross-examination and on consent of the defense counsel. There is in the record no suggestion of duress, coercion, force, fear or detention to impair the weight or credibility of such admission, statement or confession. But however voluntary or complete, admissions and confessions are 11 not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.” (Code Grim. Pro., § 395.)
It is finally urged upon us that the child’s unsworn testimony is incompetent to furnish that “ additional proof” that the crime of impairing the morals of a minor has been committed, arguing that the child was in fact non sui juris and incompetent because its testimony was so totally unreliable that as a matter of law it could not supply this element of “ additional proof.” No authorities in point are cited in support of this proposition. In the case of People v. Dutton (305 N. Y. 632) the “ alleged confession ” referred to therein was not a confession at all and was totally inadequate as to many essential elements of the crime charged, and it is clearly distinguishable on its facts. The case cited by the District Attorney (People v. Cohen, 273 App. *478 Div. 857) is much more in point, and it is noted that the conviction therein was affirmed upon evidence in all particulars similar to the evidence in this case, as an examination of the case on appeal underlying this memorandum opinion reveals.
We, the Trial Judges, sitting not only as Judges but also as jurors, had the opportunity and duty to observe this child while she was on the stand and in the courtroom, and by all perceptive facilities of the human mind and sensibility which we respectively may possess did evaluate, study and appraise this child. She could not be sworn, and had an apparent disinclination and distaste for the subject matter of the inquiry as well as resentment for the prodding questioning which the judicial process required as to matters which the child so apparently would have preferred to have totally put out of mind in healing forgetfulness. Once she had mentioned any relevant fact she resisted any and all efforts to get repetition or particulars by simply stating, “ I forgot ” — not only an effective defense mechanism but also a tactic which made direct examination and cross-examination most difficult. That which we know as ‘ ‘ the judicial process ” has, in the case of very young children, definite blocks and limitations in getting at the full and whole truth, but it should be noted that all children are not so unco-operative. Very young children are not infrequently the most wholly truthful and credible of witnesses, blessed as they so often are by a wide-lensed observation of all that happened, unshuttered and untinted by interests, training, preconceived ideas or prejudices, as well as total recall of all they have observed; almost perfect powers of perception and recollection not too frequently found in their elders. We have here no such 1 ‘ little movie camera mind ” in this child, as is sometimes encountered in the very young witness. But until such future times as a more perfect science of getting at the whole and full truth is proved and accepted, the judicial process as we know it will be confronted by its own limitations in dealing with the testimony of the very young child. The recounting of a most unpleasant personal experience in the overimpressive solemnity of the formalism of the court can be for the very young quite a horrendous experience. Alas, we Judges in black robes are most strange, awesome creatures to some of the young witnesses, and our courts are a far cry from the familiar secure and happy haunts of children. The child’s as yet not too developed powers of expression, articulation and narration are paralyzed and choked by its embarrassment at finding itself the central point of inquiry by strange men in a very strange place.
*479 But is this concededly unsatisfactory witness non sui juris, incompetent and totally unreliable as defense counsel urges, so that she may not furnish 1 ‘ that other evidence ’ ’ which is required by section 395 of the Code of Criminal Procedure? She has, however reluctantly, communicated to the court certain disclosures relating to the defendant and herself which at least tend to connect the defendant with the commission of the crime. She has also made prompt disclosure of the acts of the defendant to her parent, further strengthening her disclosure in court (People v. Yannucci, 283 N. Y. 546, 550). And it is noted that the child’s disclosures were not in the setting of a hate-filled family controversy where the child finds itself involved as a partisan, which setting so often renders children’s testimony untrustworthy and even dangerous. The child’s testimony was as to facts which happened in a building in which she and her family made their home and related to a neighbor, the defendant. In holding that this child’s communications were worthy of weight, we act in part at least as jurors, and jury deliberations and reasoning have long and wisely been cloaked with secrecy. It may be both difficult and dangerous to attempt to formulate detailed rules of law governing the very young child witness, since children vary so greatly in their powers of narration, recollection and observation and credibility generally (Wigmore, Principles of Judicial Proof [2d ed., 1931], § 156 (2), pp. 286-292).
In holding that this child’s unsworn testimony on this trial furnished that “ other evidence ” to support the admissions, statement or confession of the defendant, may we make bold to suggest that to rule that children of tender age are incompetent generally as a matter of law would render such children impotent to protest effectively against their impairing molesters, and would license the impairing molesters, so long as they operate in absolute secrecy and silence, to indulge their weaknesses with complete impunity from all punishment the statute may prescribe. There may be cases in which the child is indeed incompetent, but there are others in which the child may be both credible and trustworthy.
The defendant’s motion to dismiss the information at the close of the case is denied and the defendant is found guilty of the charge.
Cawse, P. J., and Duuaif, J., concur.
Motion denied, etc.