The People of the State of New York, Respondent, *v.* Richard Bercume, Appellant.

Third Department, March 20, 1972.

*Verner M. Ingram* for appellant.

*William H. Power, Jr., District Attorney (Preston C. Carlisle* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the County Court of St. Lawrence County, rendered December 21, 1970, upon a verdict convicting defendant of the crimes of rape in the first degree and unlawful imprisonment in the first degree.

The complainant and a female companion were both students at Potsdam State Teachers College. Their version of the facts surrounding the alleged crimes is as follows.

On the evening of October 7, 1969, as they were returning to the college from the Village of Potsdam, an automobile approached them and an occupant asked complainant if they wanted a ride. Although she refused, the girls were pulled into the car. The four male occupants, all brothers, refused to let the girls out of the car at the college, the driver, Ernest Bercume, stating that he first had to get some gasoline. However, an open gas station was passed. As the girls pleaded to be let out, appellant replied: " Shut up or I'll kill you ". Though the car was traveling at a high rate of speed, complainant opened the door and attempted to jump out. After first restraining the girls, the brothers tried to push them out; complainant was punched in the eye by the appellant, and suffered a bruise. The car was then stopped and the girls were pushed back into the car. Appellant got into the rear seat with complainant.

As they continued, appellant removed complainant's panty hose and underpants and began to " play all around with [her] ". The girls were taken to the end of a dirt road, whereupon Ernest took the female companion and disappeared into the woods. Appellant then took complainant into the woods, stating: " I won't hurt you if you do what I say ". He also told her he did not know what would happen to her friend as Ernest was crazy and had said he had killed people before. After arriving in the woods he told her " [t]ake off your clothes or you're going to get hurt bad ", threw her down on the ground, jumped on top of her and had intercourse with her. They then returned to the car, but, not finding Ernest there, went again to the woods. Appellant put his hands around complainant's neck and threatened to kill her if she went to the police. She was then raped a second time. Before the girls were released, they were again threatened and warned not to tell anyone what had occurred.

They immediately called the police. Complainant was examined by Dr. Stevenson shortly thereafter. He observed fresh bruises over her right eyebrow and on the outer left aspect of her left leg. He also observed large holes in complainant's panty hose. From his medical examination, the doctor concluded that she had had recent intercourse.

Appellant's primary contention is that the necessary corroborative evidence to support the victim's testimony is lacking. The "other evidence" required where one is accused of the crime of rape "must be of the character that tends to establish first, that the crime of rape was committed, and, second, that the defendant was the one who committed the crime" (*People v. Masse,* 5 N Y 2d 217, 219; *People v. Spinks,* 37 A D 2d 424, 427). The corroborative evidence required may be established circumstantially (*People v. Duegaw,* 34 A D 2d 1043, 1044; *People v. Dow,* 34 A D 2d 224, 228, affd. 28 N Y 2d 860; *People v. De Nigris,* 157 App. Div. 798) and is sufficient if it affords proof of circumstances tending to show the existence of every material fact essential to the crime charged (*People v. Radunovic,* 21 N Y 2d 186; *People v. Duegaw, supra; People v. Dow, supra; People v. Elston,* 186 App. Div. 224).

Adequate corroboration is present to establish that complainant engaged in sexual intercourse on the night of the alleged rape and that appellant, if anyone, committed the crime. The more difficult question is whether there is sufficient corroborative evidence of the element of force.

In attempting to negate a finding that there was corroborative evidence of complainant's testimony of forcible compulsion, much is attempted to be made of complainant's failure to scream, kick or scratch, of the fact that no weapon was used and of the fact that only two bruises appeared on complainant's body, one of which is disputed as to the person who caused it. The statute (Penal Law, § 130.00, subd. 8) provides that forcible compulsion includes "a threat, express or implied, that places a person in fear of immediate death or serious physical injury". When such occurs and a woman, because of such fear, offers little or no resistance, it can easily be observed that the usual types of corrobative evidence of force (i.e., screams and bruises) will not be present. This is because it is the state of the woman's mind which controls. Therefore, in determining whether a woman fails to resist attack or resists only for a limited degree or time because of such fear, the jury is to consider the surrounding circumstances. (*People v. Yannucci,* 283 N. Y. 546, 549; *People v. Duegaw, supra;* see *People v. Johnson,* 37 A D 2d 218, 221.) It is for the jury to determine the extent of the resistance required of an assaulted female, it being impossible to construct a general rule defining the exact line of conduct required in all such circumstances (see *People v. Connor,* 126 N. Y. 278).

Considering the surrounding circumstances, which are not limited as appellant contends to those immediately preceding the

attack, the jury here could properly find that the sexual intercourse occurred by means of forcible compulsion (see *People* v. *Duegaw, supra*), there being ample evidence of the requisite amount of fear. And we find sufficient corroborative evidence of complainant's assertions of force, particularly from Dr. Stevenson's observations of complainant's bruises and ripped panty hose, from complainant's prompt complaint and from her companion's testimony as to the surrounding circumstances.

We have considered the other issues raised by appellant and find them to be without merit. The judgment should be affirmed.

HERLIHY, P. J., STALEY, JR., COOKE and REYNOLDS, JJ., concur.

Judgment affirmed.