Appeal from a judgment of the Schenectady County Court, rendered January 29, 1976, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and unlawful imprisonment in the second degree. There is no doubt the defendant was with complainant. The only substantial question raised is whether the proof of "Forcible *994 compulsion” (Penal Law, §§ 130.65; 130.00, subd 8) was adequate to warrant conviction on the sexual abuse charge. According to complainant, an 18-year-old girl weighing 120 pounds, the defendant and two male friends agreed to drive her home from the Emerald Lounge in the early morning darkness of March 29, 1975.* She was sitting in the rear seat of the automobile with the defendant on one side and one David Milliman on the other. John Nertney was alone in front, driving. Defendant, testified the complainant, partially disrobed her and placed his hand on her breasts and other intimate parts despite her screams for him to stop. At the same time Milliman who had hold of her hand, forced her to touch his penis. After her continued protesting and weeping, both men relented. Although there was no testimony of beating or other violent physical compulsion, it is clear she was in the hands of men who completely overwhelmed her in size and strength. She resisted by pleading, crying and pulling herself away. The jury could reasonably infer she was subjected to "physical force that overcomes earnest resistance” (Penal Law, § 130.00, subd 8; cf. People v Yannucci, 283 NY 546; People v Bercume, 38 AD2d 356, 358). Defendant’s further contentions, concerning corroboration (Penal Law, § 130.16) and the prosecutor’s summation, are meritless. Defendant was indicted and tried only pursuant to subdivision 1 of section 130.65, i.e., subjecting complainant to sexual contact by forcible compulsion. Incapacity of the victim to consent "because of * * * age, mental defect, or mental incapacity” (Penal Law, § 130.16) is not an element of forcible sexual abuse, thus making the corroboration requirement of section 130.16 inapplicable. The prosecutor’s comment on defendant’s failure to produce Nertney as a witness was proper (cf. People v Rodriguez; 38 NY2d 95, 98-99). Although Nertney was an accomplice, he was not tried with the defendant and nothing in the record or in defendant’s brief indicates that Nertney, at the time of defendant’s trial, had already been convicted of a crime with respect to the incident (see People v Slover, 232 NY 264, 269). Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.

 The complainant had been brought from another bar to the Emerald Lounge by the defendant and his friend Nertney. There is some question whether she consented or was forced to go to the Emerald Lounge with them. It is clear, in any event, that she was dependent upon them for transportation home.