■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RISS, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 7, 1976, upon a verdict convicting defendant of the crime of rape in the first degree. By indictment dated September 25, 1975 defendant was charged with rape in the first degree in violation of subdivision 1 of section 130.35 of the Penal Law in that "The defendant, in the Town of Ashland, County of Chemung and State of New York, on or about the 17th day of September, 1975 did by forcible compulsion engage in sexual intercourse with a female who was not married to the defendant". Defendant's first contention is that there was no evidence of "forcible compulsion" as required by the statute and that, accordingly, the verdict was against the weight of the evidence. We disagree. The testimony of the complainant and of Timothy Terwilliger, who pleaded guilty to sexual abuse in the first degree for his part in the incident involving the complainant, was that complainant was alone in a moving car with four males, one of whom was an acquaintance from the past and three of whom were complete strangers. Immediately after she entered the car, one of the men began to assault her and continued, engaging in sexual intercourse with her despite her expressed unwillingness to have sex with him, her attempts to hold her pants up, her cries and screams and an attempt to push him away. The second man to assault her, who according to Terwilliger was the defendant, forced her legs apart and, despite her crying, protests and attempts to push him away, also had sexual intercourse with her. Attacks by the other two men followed. As in *People v Bianchi* (55 AD2d 993, 994), a case recently decided by this court, "Although there was no testimony of beating or other violent physical compulsion, it is clear that she was in the hands of men who completely overwhelmed her in size and strength. She resisted by pleading, crying and pulling herself away. The jury could reasonably infer she was subjected to 'physical force that overcomes earnest resistance' (Penal Law, § 130.00, subd 8; cf. *People v Yannucci,* 283 NY 546; *People v Bercume,* 38 AD2d 356, 358)." We find to be without merit defendant's objection to that portion of the charge in which the trial court advised the jury that the type

or nature of the complainant was a factor to be considered in determining whether the standard of earnest resistance had been met *(People v Yannucci, supra)*. We also reject defendant's contention that it was error for the trial court to allow the mother of the complainant to respond to the question of whether complainant was mentally retarded. She had already testified without objection that her daughter had completed eighth grade "in a special mental retarded class". Thus, the jury already had facts before it from which it could infer that the mental ability of the complaining witness was below normal. In considering whether a complainant's teacher should be permitted to testify concerning the mental condition of a complainant in a rape case, the Court of Appeals recently stated: "Once it has been established to the satisfaction of the trial court that a witness who is about to testify or has testified suffers from a material physical or mental infirmity which affects his or her ability to communicate on the witness stand, the trial court, in a discretion to be exercised with reasonable restraint, may admit evidence which will assist the jury in evaluating the testimony of that witness · from another person personally familiar with the infirmity or professionally qualified to testify with respect thereto" *(People v Parks,* 41 NY2d 36, 47). We conclude that, under all of the circumstances herein, the trial court properly exercised its discretion in allowing the complainant's mother to make a limited statement as to her daughter's mental infirmity. Defendant raises several additional issues, none of which have merit. We find no error in the denial of defendant's motion for a mistrial. We find that the trial court took reasonable steps to avoid possible prejudice and to insure the defendant a fair trial after it was discovered that the daughter of a juror had been the victim of a sexual attack *(People v Winslow,* 51 AD2d 824). We find no abuse of discretion in the trial court's denial of defendant's motion for a hearing as to whether prior convictions for assault and larceny, neither of which was similar to the crime charged, could be used if he chose to testify *(People v Duffy,* 36 NY2d 258; *People v Sandoval,* 34 NY2d 371; *People v Davis,* 57 AD2d 1013). We disagree with defendant's claim that an admission which the trial court refused to suppress was made during a custodial interrogation and was, therefore, used in violation of his Fifth Amendment privilege against self incrimination. We find that the trial court gave sufficient reasons for its imposition of a minimum sentence (Penal Law, § 70.00, subd 3, par [b]). In addition, the reasons which impelled the imposition of a minimum sentence "are obvious from the record" *(People v Esteves,* 41 NY2d 826, 827). The argument that the sentence of an indeterminate term of imprisonment with a maximum of 15 years and a minimum of 5 years, well within the limits for rape in the first degree, a class B felony (Penal Law, § 130.35), is harsh and excessive is, under the circumstances of this case, entirely without merit *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.