■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MORRISON, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered July 22, 1976, upon a verdict convicting defendant of the crime of rape in the first degree and sentencing him as a second felony offender, to an indeterminate term of imprisonment with a maximum of 16 years and a minimum of 8 years. On September 17, 1975, the complainant herein, a 26-year-old somewhat retarded woman, was expecting to go out for the evening with defendant and another couple, but when she entered a waiting automobile outside of her residence with defendant, she found herself in the company of defendant and three other men. Almost immediately, according to complainant, defendant began fondling her breasts, and all four male occupants of the vehicle then proceeded to rape her. Upon her subsequent exit from the car on the false pretext that her pants and pocketbook were to be found in the trunk thereof, defendant and his three companions "took off" in the vehicle, and complainant was left stranded by the side of a road naked below the waist. She went directly to a nearby house and reported that she had been raped, and the Sheriff's department was summoned and transported her to St. Joseph's Hospital. As a result of this incident, defendant was indicted by the September 1975 Term of the Chemung County Grand Jury for the crime of rape in the first degree in violation of subdivision 1 of section 130.35 of the Penal Law. Following a jury trial, he was found guilty of this charge and sentenced, as a second felony offender, to an 8- to 16-year term in the custody of the Department of Correctional Services. This appeal ensued. Defendant initially argues here that there was insufficient evidence to sustain his conviction. We cannot agree. A perusal of the record finds evidence to the effect that, as a result of arrangements made by defendant, complainant was duped into placing herself in a most intimidating situation, i.e., alone in an automobile with four strange men including defendant (People v Bianchi, 55 AD2d 993). There is evidence further indicating that, with defendant leading the way, all four men raped complainant despite her attempts to push them away and her sobbing, crying, screams, and protestations that she was not interested in having sex and that they then left her stranded and partially naked on a public highway from whence she reported the attacks without delay (cf. People v Hughes, 41 AD2d 333, app dsmd 36 NY2d 981). Under these circumstances, we hold that the jury was warranted in finding defendant guilty of rape in the first degree and, more particularly, that complainant offered sufficient resistance to the attacks, especially in view of her limited mental capacity and the fearful situation in which she found herself wherein further resistance would undoubtedly have been futile (see People v Yannucci, 283 NY 546; People v Connor, 126 NY 278; People v Bianchi, supra; People v Vicaretti, 54 AD2d 236). Similarly, there was no error in the court's refusal to charge the effect which intoxication might have had upon defendant's culpability as provided in section 15.25 of the Penal Law. Even though intent is an element of the crime charged (see Penal Law, § 15.15, subd 2; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 15.00, p 28), defendant's alleged intoxication is not relevant in this case because his own testimony concern-

ing the evening in question establishes that he was fully aware of what was occurring and what he was doing. We have examined defendant's remaining contentions and find them also to be lacking in substance. The court's charge to the jury and sentencing of defendant were proper, and nothing in the record indicates that defendant was denied his right to counsel of his own choosing. As for alleged improper comments by the prosecutor at the close of the People's case, any error as a result thereof was harmless. Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.