■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD A. AYERS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered September 29, 1977, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree. Initially, defendant contends that the evidence was not sufficient to establish "forcible compulsion" by defendant or "earnest resistance" by the complainant within the meaning of subdivision 8 of section 130.00 of the Penal Law. We disagree. The attack occurred at midnight in Washington Park in the City of Albany. When first accosted by defendant, the complainant screamed and tried to pull away, but was knocked to the ground and kicked in the face. Thereafter, she was led to a secluded spot in the park where the sexual assault took place. She testified that defendant was larger and stronger than she and that she was afraid of being severely hurt. Furthermore, she reported the attack immediately. Based upon this evidence, the jury could reasonably infer that complainant was subjected to physical force that overcomes earnest resistance (Penal Law, § 130.00, subd 8; cf. *People v Yannucci,* 283 NY 546; *People v Morrison,* 58 AD2d 699; *People v Riss,* 58 AD2d 697; *People v Vicaretti,* 54 AD2d 236; *People v Bercume,* 38 AD2d 356). Defendant's contention that he was deprived of his Sixth Amendment right to counsel must be rejected. The right to counsel at pretrial identification proceedings does not attach until criminal proceedings have been commenced by the filing of an "accusatory instrument" *(People v Blake,* 35 NY2d 331; see, also, *Kirby v Illinois,* 406 US 682). We conclude that the filing of the two "TBI" warrants (to be identified warrants, with the name of the arrestee left blank) does not constitute the filing of an accusatory instrument. "There must at the very least be some pleading *charging the defendant* with a crime or offense." *(People v Hamm,* 9 NY2d 5, 11.) As to defendant's contention that the trial court erred in refusing to charge sexual misconduct as a lesser included offense, this court has held that sexual misconduct is not a lesser included offense of rape in the first degree

*(People v Simms,* 58 AD2d 720, 721). Next, the trial court's findings that the pretrial identification procedures were not unduly suggestive are amply supported by the record. We have examined defendant's remaining contentions and find them to be without merit. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.