■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE C. LOCKE, Appellant.—Appeal from a judgment of the County Court at Hamilton County, rendered July 13, 1977, upon a verdict convicting defendant of the crimes of rape in the first degree and burglary in the second degree. The jury has found that defendant, accompanied by a male companion, Tom Mahoney, broke into the complainant's residence at 4:00 A.M. on December 5, 1976 and committed an act of forcible rape upon her. In seeking to reverse the judgment of conviction entered thereon, defendant contends that (1) the prosecution failed to establish a prima facie case; (2) it was error to receive in evidence hearsay testimony from the complainant's mother, sister, and the investigating officer as to what complainant told them about the rape later that morning; (3) the identity of defendant's companion

should not have been revealed to the jury; and (4) it was error to deny defendant's request to charge that it was defendant's state of mind, not the complainant's, which was relevant in determining whether or not statements made by defendant were meant as threats. While there is no proof that the complainant was physically harmed in the course of the rape, other than by the act of intercourse itself, there was ample evidence to sustain a finding that complainant's earnest resistance to the threat of rape was overcome by threatening statements of defendant that placed her in fear of serious physical injury to herself and her children (Penal Law, § 130.35, subd 1; § 130.00, subd 8, as amd by L 1977, ch 692, § 2). Admittedly, the defendant was intoxicated and on the witness stand he denied any recollection of what transpired. His confession and the statements of the complainant describing the circumstances justify the jury's determination, and it was their function to determine the extent of the resistance required (People v Bercume, 38 AD2d 356). Proof that complainant was at home alone with two infant children and accosted in her bedroom at 4:30 A.M. by two masked men who had broken through a locked front door and told her to co-operate for the safety of herself and her children certainly forms a reasonable basis for the jury to believe that her will had been paralyzed by fear and by threats. The evidence satisfies the requirements for guilt of both rape and burglary beyond a reasonable doubt (see People v Brozowski, 53 AD2d 706; People v Terry, 43 AD2d 875). The testimony relating the fact of rape as told by complainant to others was properly admitted as part of the res gestae (People v Vicaretti, 54 AD2d 236, 244; see Richardson, Evidence [10th ed], § 292). Moreover, under the circumstances presented the details of the incident as related by complainant to the witnesses were admissible since defendant sought to discredit complainant's statements relative to the forcible compulsion used by her assailants (Baccio v People, 41 NY 265). It should be noted that the trial court gave careful limiting instructions on the use of this evidence. As to the other contentions of defendant, we find no error in the denial of the request to charge nor in allowing the name of the other perpetrator of the crimes to be mentioned. The jury had indicated upon voir dire that they had no knowledge of any prior proceedings and the defendant in his own testimony and in his confession identified his companion by using his first name. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.