## (February 18, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. RANDALL, Appellant. — Appeal from a judgment of the County Court of

Tompkins County (Dean, J.), rendered August 1, 1980, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree. We are again called upon to determine whether the evidence at trial of a defendant charged with rape, sodomy and sexual abuse was sufficient to prove "forcible compulsion" by the defendant or "earnest resistance" by the complainant, within the meaning of subdivision 8 of section 130.00 of the Penal Law. The attack occurred around midnight in a pickup truck on a sparcely populated road after complainant, a student, had hitchhiked a ride to Ithaca College. She testified that defendant grabbed her by the hair and continually held her in a firm grip while forcing her to engage in sexual intercourse, fellatio and anal intercourse. While denying the latter, defendant concedes that the two former acts occurred, but contends that they were consensual. The jury, presented with questions of credibility of the differing testimony, chose to accept complainant's version that she was placed in fear of bodily harm by defendant's superior physical strength and implied threats of immediate death or serious physical injury, sufficient to overcome any earnest resistance by her. It is their duty to weigh the evidence and determine the truth from conflicting testimony (*People v Dozier*, 85 AD2d 846; *People v Ayers*, 65 AD2d 862; *People v Morrison*, 58 AD2d 699), and from the surrounding circumstances (*People v Bercume*, 38 AD2d 356, 358). We find no basis in the record to disturb the jury's verdict. Defendant further contends that error was committed in the trial court's response to a question from the jury requesting explanation of forcible compulsion. The record shows that the court and attorneys discussed and agreed upon the response which was made to the inquiry, and further that defendant made neither objection nor exception to the court's response. Although a question of law was not preserved for appeal, we find no error serious enough to deprive defendant of a fair trial (*People v Fragale*, 60 AD2d 972). We have examined the charge and the court's response to the inquiry and find both were proper. Nor was it error to refuse defendant's request to charge sexual misconduct as a lesser included crime (CPL 300.50, subd 2). There was no reasonable view of the evidence which would support a finding that defendant committed the lesser offense but not the greater (*People v Greer*, 42 NY2d 170, 175). Whenever the lesser crime requires proof of an element not required by the greater crime, there is no inclusion (*People v Acevedo*, 40 NY2d 701, 706). Complainant's testimony of her fear of mutilation or death and of defendant's appearance, strength, and actions, all dispel any possibility of a finding that complainant consented to sexual intercourse or deviate sexual intercourse as required for the crime of sexual misconduct (Penal Law, § 130.20), without concomitantly finding that defendant committed rape in the first degree. Finally, defendant's argument that prosecutorial misconduct deprived him of a fair trial is without merit (*People v Ashwal*, 39 NY2d 105; *People v Fragale*, 60 AD2d 972, *supra*). Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.