THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO SANTOS, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed. Memorandum: Defendant was tried on counts of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. The jury found him guilty of three counts of coercion in the second degree as lesser included offenses. All counts in the indictment required proof of forcible compulsion (Penal Law, §§ 130.35, 130.50, 130.65) which was then defined, in part, as "a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person" (Penal Law, § 130.00, former subd 8).

We find no merit to the issues raised by defendant on appeal. It was not error for the court to receive evidence of the injuries sustained by the victim when she jumped from a second-floor

bathroom window. The evidence was relevant and probative of the victim's state of mind (*People v Yannucci,* 283 NY 546; *People v Vicaretti,* 54 AD2d 236; *People v Bercume,* 38 AD2d 356). Defendant admitted that he engaged in sexual acts with the victim but he claimed that they were performed with the victim's consent. Proof of the victim's injuries was probative of her claim that she actually jumped from the window rather than using a staircase, and the peril of jumping from such height was relevant to other evidence of defendant's threats and the victim's fear. That the sex acts preceded the injuries does not render the proof irrelevant, especially where, as here, there was such a continuum of acts and threats as to constitute one episodic incident.

The court properly charged the jury that evidence of the victim's injuries should only be considered on the issue of the victim's state of mind, and such charge was given in addition to, not in lieu of, a proper charge on the element of defendant's intent.

The sentence imposed upon defendant must be modified, however, by deleting the penalty assessment of $40. That part of the sentence was imposed pursuant to section 60.35 of the Penal Law which did not become effective until after the crimes charged had been committed (L 1982, ch 55, § 81). The penalty assessment is ex post facto as applied (US Const, art I, § 10; *Lindsey v Washington,* 301 US 397). (Appeal from judgment of Monroe County Court, Bergin, J. — coercion, second degree.) Present — Dillon, P. J., Green, O'Donnell, Moule and Schnepp, JJ.