(October 31, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT A. WILLIAMS, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 3, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree (four counts) and robbery in the second degree (one count).

On the night of September 27, 1982, defendant and an acquaintance, Early Richardson, were at a bar in the City of Albany where they noticed complainant dancing. Later, in the early morning hours as she was walking home, defendant and Richardson followed complainant and harassed her. Near a park, defendant grabbed complainant by the arm and dragged her to a secluded area where he and Richardson successively raped her; defendant also took money from her purse.

Complainant subsequently identified her assailants. Both men were questioned and signed written statements; defendant admitted having intercourse with complainant, but maintained throughout that she had consented. Following a jury trial, during which Richardson pleaded guilty and then testified for the prosecution, defendant was convicted of four counts of rape in the first degree and one count of robbery in the second degree.

Defendant's contrary assertion notwithstanding, the evidence of forcible rape, an element of the crime of rape in the first degree, was more than sufficient. The statutory definition of "forcible compulsion" includes compulsion by the use of physical force (Penal Law § 130.00 [8]). Here, the larger and stronger defendant frustrated the hysterical complainant's efforts to escape by dragging her by the arm into the park, pushing her to the ground, hitting her in the face, ignoring her constant pleas to be released and, when she tried to yell to draw the attention of the police, defendant promptly covered her mouth. It is evident that the jury could reasonably conclude from this proof that defendant subjected complainant to forcible compulsion (see, People v Ayers, 65 AD2d 862; People v Riss, 58 AD2d 697).

Nor are we disposed to indorse defendant's assertion that his statement to the police should have been suppressed. Defendant's argument in this regard rests on the confusion of one police officer respecting the date and time of defendant's interrogation. On redirect examination, however, that officer explained his error and clarified his testimony. Furthermore, the officers engaged in interrogating defendant testified that he received and waived his *Miranda* rights prior to questioning and, as their testimony is not incredible, we should adhere to the decision of the suppression court not to suppress the statement (see, People v Yukl, 25 NY2d 585, 588, cert denied 400 US 851; People v Moore, 66 AD2d 906).

The contention that the trial court erred in handling the jury's communication that it had reached a partial verdict, though correct, is of no consequence. CPL 310.70 prescribes that, when a jury declares it has reached a verdict as to some, but not all, of the charges under deliberation, and the court is satisfied that there is a reasonable possibility of agreement on the unresolved offenses, the court has two options: either accept a partial verdict and order the jury to resume deliberation on the remaining offenses, or refuse to accept the partial verdict and order the jury to resume its deliberation on the entire case (CPL 310.70 [1] [b]). In this instance, the jury

initially reported reaching agreement on four of the five counts, but indicated that it was divided on the remaining count. The trial court rejected the partial verdict on the four counts and instructed the jury to continue deliberating. Failure to direct that deliberation be continued on the *entire* case was error, but that error was rectified 2½ hours later when the jury again announced, and the court on this occasion accepted, the identical partial verdict.

Defendant also maintains that the sentence is excessive. For the two counts of rape based on his sexual violation of complainant, defendant received concurrent, indeterminate sentences of 8⅓ to 25 years; likewise, the two counts derived from his aiding Richardson while the latter also raped complainant twice resulted in concurrent sentences of 5 to 15 years; and for the robbery, defendant received 3 to 9 years. Since defendant's convictions for rape, abetting rape and robbery involved separate and distinct crimes, the sentencing court determined that consecutive sentences, statutorily capped by the 15- to 30-year indeterminate term ultimately imposed (Penal Law § 70.30 [1] [c]), were warranted.

Separate and distinct offenses arising in the course of a continuous criminal activity are punishable by consecutive sentences *(People v Brown,* 95 AD2d 569, 572; *People v McMillan,* 61 AD2d 800). The jury found that the victim had been raped four times, twice by each assailant, that defendant abetted Richardson as he raped the girl and, further, that defendant robbed her. As these various crimes arose from discrete activities, the sentence imposed is legal. Defendant's age at the time of the crime (he was 19) and his modest criminal record (a nonviolent misdemeanor) persuade us, however, that the sentence ought to be modified in the interest of justice to an indeterminate term of 10 to 30 years' imprisonment. This represents consecutive sentences of 5 to 15 years for the concurrently running rape convictions, 3 to 9 years for aiding in the two rapes by Richardson, and 2 to 6 years for robbery.

Judgment modified, as a matter of discretion in the interest of justice, by reducing defendant's sentence in accordance with the decision herein, and, as so modified, affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.