■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VALDELAMAR, Appellant.—Appeal by the defendant, as limited by his motion, from four sentences of the Supreme

Court, Queens County (Rubin, J.), all imposed February 9, 1983, upon (1) his conviction of robbery in the first degree, upon his plea of guilty, under indictment No. 1058/82; (2) his conviction of robbery in the first degree, upon his plea of guilty, under indictment No. 1136/82; (3) his conviction of grand larceny in the third degree, upon his plea of guilty, under indictment No. 1293/82; and (4) his conviction of attempted sodomy in the first degree, upon his plea of guilty, under indictment No. 3131/82, the sentences being three concurrent indeterminate terms of imprisonment of 3⅓ to 10 years imposed under indictments Nos. 1058/82, 1136/82 and 3131/82, a concurrent indeterminate term of imprisonment of 1⅓ to 4 years imposed under indictment No. 1293/82, and mandatory penalty assessments of $75 imposed under indictments Nos. 1293/82 and 3131/82.

Sentences imposed under indictments Nos. 1058/82 and 1136/82 affirmed. No opinion.

Sentences imposed under indictments Nos. 1293/82 and 3131/82 modified, on the law, by vacating the mandatory penalty assessments imposed. As so modified, sentences affirmed.

Because the crimes for which the defendant was convicted under indictments Nos. 1293/82 and 3131/82 were committed prior to the effective date of the mandatory penalty assessment statute (see, Penal Law § 60.35, as added by L 1982, ch 55, §§ 81, 96), the imposition of such assessments constituted an unconstitutional ex post facto penalty (see, People v Clarke, 111 AD2d 11; People v Santos, 105 AD2d 1135, 1136; People v Dodson, 96 AD2d 1116, 1118). Mollen, P. J., Mangano, Thompson and Bracken, JJ., concur.