■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. COOK, Appellant.—Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 5, 1987, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

At the time he was sentenced, defendant, speaking on his own behalf, freely admitted the commission of the crimes with which he was charged, expressed his remorse for the difficulties he had caused the victim and asked for her forgiveness. He also sought help from County Court in obtaining assistance to overcome his drug and alcohol problem, having concluded he could not cure it on his own. Previously, at the time of the plea allocution, defendant was advised of the limits of the sentence which would be imposed upon his plea of guilty and that, since he was on parole, any sentence the court imposed would be consecutive to the sentence previously imposed. Defendant indicated his understanding of the court's instructions and further acknowledged that he was satisfied with the services of his attorney who was present throughout all proceedings. He was then sentenced to an indeterminate prison term of 7 to 21 years.

In seeking reversal of his conviction on this appeal, defendant contends that his plea allocution was incomplete. The record demonstrates that such a contention is meritless. County Court carefully determined that defendant was not under the influence of drugs at the time of the plea and that he understood the consequences of his plea after admitting all of the essential facts to establish the commission of the crime to which he was pleading guilty (see, People v Randall, 86 AD2d 918; People v Locke, 70 AD2d 686; People v Ayers, 65 AD2d 862).

We also reject defendant's argument that he was deprived of his right to the effective assistance of counsel because his attorney failed to investigate whether Native Americans and poor people had been systematically excluded from the Grand Jury pool and failed to review the report of a psychiatrist who examined defendant. County Court examined the report and indicated that defense counsel was aware of its contents, and there is nothing in this record to suggest any attempt to systematically exclude any particular class of people from the Grand Jury pool (see, People v Parks, 41 NY2d 36, 43; see also, People ex rel. Rosario v La Vallee, 55 AD2d 771, 772, lv denied 41 NY2d 803).

We find no violation of any constitutional right of defendant resulting from County Court's direction that defendant undergo a test for the presence of acquired immune deficiency syndrome upon the request of the victim, who was concerned for her own health and safety. Finally, under all the circumstances, the sentence imposed was neither harsh nor excessive *(see, People v La Grange,* 115 AD2d 149, 150).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.