■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES G. SINCLAIR, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered August 13, 1987, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and robbery in the first degree.

Defendant entered counseled guilty pleas to rape in the first degree and robbery in the first degree in full satisfaction of an indictment charging two counts of rape in the first degree, two counts of sodomy in the first degree, robbery in the first degree, kidnapping in the second degree and sexual abuse in the first degree. The pleas were entered as part of a plea bargain which provided for terms of imprisonment of 8 to 24

years on the rape conviction and 2 to 6 years on the robbery conviction, to be served consecutively. Defendant was sentenced in accordance with the agreement and now appeals, contending that Penal Law § 70.25 (2) prohibited consecutive sentences and that the sentence imposed was harsh and excessive. We disagree with both contentions and accordingly affirm the judgment of conviction.

At the time of defendant's plea, he acknowledged that the complainant's testimony at a preliminary felony hearing represented a true and correct statement of the events which occurred in connection with his commission of the crimes charged in the indictment. There, the complainant testified that she was the operator of a taxicab which defendant hired to drive him to a remote area of Sullivan County. After arriving at the destination, defendant told the complainant that he was going to rob her. He proceeded to put a knife to the complainant's throat, forced her to lay face down on the front seat of the cab, bound her hands behind her back with adhesive tape, took the keys to the cab and pulled the complainant out of the cab and into a nearby trailer. Defendant kept the complainant in the trailer for approximately 30 minutes during which time he forced her to engage in the act of sexual intercourse forming the basis for defendant's rape conviction and an act of sodomy. Defendant then led the complainant, her hands still bound, outside of the trailer and to a next-door house, where defendant again raped and sodomized her, making threats to the effect that he would strangle her and that no one would ever find her skeleton. Defendant then bound the complainant's feet with a lamp cord, taped her mouth shut, tied her up with sheets and drove away in the cab, taking all of the complainant's fare money.

Penal Law § 70.25 (2) provides: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently."

It is defendant's contention that the force used in connection with the theft commenced at the time defendant threatened the complainant with a knife in the cab and did not end until after defendant's second rape and sodomy of the complainant. Thus, the argument continues, the rape took place during the commission of the robbery and the crimes were "committed through a single act or omission", requiring concurrent sentences under Penal Law § 70.25 (2). The contention

lacks merit. Defendant's contrary argument notwithstanding, the facts of this case are practically indistinguishable from those in *People v Williams* (114 AD2d 683) where this court found that the crimes of rape and robbery "arose from discrete activities" *(supra,* at 685; *see, People v Jones,* 137 AD2d 766, 767-768, *lv denied* 72 NY2d 862; *People v Irving,* 107 AD2d 944, 945). It is fundamental that separate and distinct offenses arising during a course of continuous criminal activity are punishable by consecutive sentences where, as here, "none of the completed offenses was a material element of another offense" *(People v Boyce,* 133 AD2d 164; *see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 843; *People v Williams, supra,* at 685).

Finally, considering defendant's extensive prior criminal activity, the brutal circumstances of the present crimes and their effect upon the victim, imposition of the bargained-for sentence was well within County Court's discretion *(see, People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918; *People v Joeger,* 111 AD2d 944, 945).

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.