■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRIUS PLATIS, Appellant.—Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 11, 1989, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

We find no merit to defendant's contention that his statements to police must be suppressed because of a lack of probable cause for arrest. The police observed defendant's car speeding in close proximity to the time and place of a stabbing soon after receiving a radio transmission indicating that a car of the same type and color had been used in connection with the stabbing. We find that this information supported reasonable suspicion allowing a stop of the car (see, People v Rivera, 124 AD2d 682; People v Adams, 123 AD2d 769, lv denied 69 NY2d 707). The fact that the police approached the car with their weapons drawn as a precautionary measure to ensure their own safety was justified given the circumstances and did not escalate the initial stop into a full blown arrest (see, supra; cf., People v Allen, 73 NY2d 378; People v Chestnut, 51 NY2d 14, cert denied 449 US 1018). Upon approaching the car, police noticed blood on defendant's hand. We find that this information provided probable cause for defendant's arrest. Therefore, even if we were to agree with defendant that other radio transmissions received by police prior to defendant's arrest could not serve as a basis for establishing probable cause due to a failure to establish the sufficiency or reliability of the information conveyed, suppression would not be required (see, People v Clark, 64 NY2d 938).

Defendant also contends that his statements to police should have been suppressed as involuntary. We disagree. Initially, defendant waived any argument as to the inadmissability of his brief exculpatory remark in explanation of the blood on his hand in response to a police officer's question by his failure to raise the issue before County Court (see, People v Harris, 79 AD2d 615). As to his other inculpatory statements, the record reveals that defendant was given his Miranda warnings in his native language prior to these statements and that defendant voluntarily waived his rights (see, People v Alvarez, 118 AD2d 785, lv denied 68 NY2d 912; People v Jordan, 110 AD2d 855). Defendant was not subject to any coercive tactics that would render these statements involuntary (see, People v Patterson, 88 AD2d 694, affd 59 NY2d 794).

Finally, defendant argues that the 5- to 15-year prison sentence he received was harsh and excessive. Given that defendant was allowed to plead guilty to a single count of attempted murder in the second degree in full satisfaction of a two-count indictment and that defendant was not given the harshest sentence possible, and considering the heinous nature of the crime, we do not find that County Court abused its discretion in sentencing defendant (see, People v Sinclair, 150 AD2d 950; People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.