■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. WHELAN, III, Appellant. [604 NYS2d 278] —Mahoney, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered November 2, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree, robbery in the first degree, sexual abuse in the first degree, petit larceny and menacing (two counts).

Balancing the factors set forth in *People v Taranovich* (37 NY2d 442), we conclude that defendant was not denied his constitutional right to a speedy trial. While the delay between arraignment and indictment was 18 months, its significance is mitigated to a large extent by the fact that (1) at least 25% of that appears to be attributable to defense adjournments, defense motions and the resolution of suppression issues *(see, e.g., People v Mullins,* 137 AD2d 227, *lv denied* 72 NY2d 922), and (2) the remaining delay was not due to prosecutorial delinquency, but to calendar congestion in County Court *(see, People v Watts,* 57 NY2d 299; *People v Yarbrough,* 158 AD2d 811, *lv denied* 75 NY2d 971). While defendant urges that the delay prevented him from securing the testimony of a witness who has since moved away and the attendant prejudice operates to elevate this relatively modest delay to one of constitutional magnitude, we are unpersuaded by this argument. A review of the record establishes that far from obstructing defendant's case, the delay actually afforded him additional time to ascertain the witness's whereabouts. When located, however, the witness, who initially had been uncooperative and unwilling to testify for fear of being indicted as a codefen-

dant, was no more cooperative than he had been originally and disappeared before an order compelling his attendance at trial could be served upon him. It thus seeming evident that the witness had no intention of testifying regardless of when the trial occurred, it is indeed difficult to ascribe a cause and effect relationship between the delay and the witness's unavailability *(cf., People v Mullins, supra,* at 229). Against this backdrop, we find that the fact that defendant was incarcerated throughout the period is insufficient to outweigh the foregoing factors which militate against dismissal *(see, People v Watts, supra; People v Taranovich, supra; People v Mullins, supra).*

We have reviewed defendant's remaining contentions and find them to be unpreserved for review or lacking in merit. It bears comment, however, that there was no Penal Law § 70.25 (2) violation attendant to County Court's imposition of consecutive sentences on the rape and robbery convictions. Notwithstanding that these crimes concededly were perpetrated during the course of a continuous criminal transaction, the facts of this case are practically indistinguishable from those in *People v Sinclair* (150 AD2d 950) and *People v Williams* (114 AD2d 683), where this Court found that the crimes of rape and robbery were separate and distinct acts *(see generally, People v Brown,* 80 NY2d 361; *People v Brathwaite,* 63 NY2d 839).

Yesawich Jr., J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.