■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HAMILTON, Appellant. [682 NYS2d 276] —White, J. Appeal from a judgment of the County Court of Albany County (Leaman, J.), rendered May 18, 1994, upon a verdict convicting defendant of the crimes of attempted sodomy in the first degree, attempted rape in the first degree, sexual abuse in the first degree, aggravated sexual abuse in the second degree, robbery in the second degree and assault in the second degree.

Around midnight on December 12, 1996, the victim, a 21-year-old female, and a friend went to a bar located on North Lake Avenue in the City of Albany. Around 3:00 A.M., the victim went to the ladies' room; however, due to a long line, she decided to go outside to relieve herself. After she left the bar, she proceeded to a building located at 122 Bedford Street and went under its stairwell. As she turned around and faced out, she noticed a shadow. She was then accosted by defendant, a tall man who told her to "shut up". Next, he grabbed the back of the victim's hair, punched her across the face and pulled down her pants and underwear. He then put his finger in the victim's vagina and rectum and demanded her jewelry. When defendant noticed that the victim was trying to hide her engagement ring, he began to beat her again, causing her to fall to the ground. During this beating, he again inserted his fingers into the victim. While she was on the ground, defendant flipped the victim over onto her hands and knees and, from a position behind her, inserted his fingers into her vagina and rectum. Disregarding defendant's threats to kill her if she screamed, the victim banged on the building's door while yelling for help. Eventually, defendant ended the attack, telling the victim, "Oh, you pig. You're not even worth it."

As soon as defendant exited the stairwell, the victim went out into the street where she encountered a police officer who, with another officer, apprehended defendant a short distance

from the crime scene and recovered the victim's jewelry that defendant had discarded during his flight from the police. The police also discovered an uncapped jar of petroleum jelly in defendant's pants pocket. After the victim identified defendant and her jewelry, she was taken to the hospital where an examination revealed numerous bruises around her face, neck, forehead and back. A pelvic examination disclosed some redness in the genital area consistent with forcible digital penetration and "a remarkable" amount of gravel and grit in the victim's anal and vaginal areas.

The Grand Jury returned a six-count indictment charging defendant with four sex-related crimes, along with robbery in the second degree and assault in the second degree. Following trial, defendant was convicted on all counts and now appeals.

Initially, defendant challenges his conviction of the crimes of attempted rape in the first degree and attempted sodomy in the first degree, claiming that the evidence was legally insufficient and the verdicts against the weight of the evidence. To establish that a defendant is guilty of an attempt to commit a crime, the People first must establish that the defendant intended to commit a specific crime and then must show that the defendant acted to carry out his or her intent (see, *People v Bracey*, 41 NY2d 296, 300). In this instance, the People were initially required to prove that defendant intended to forcibly compel the victim to engage in intercourse and sodomy (see, *People v Williams*, 81 NY2d 303, 316-317). Viewing the evidence in the light most favorable to the People (see, *People v Chico*, 90 NY2d 585, 588-589), it is evident to us that a rational trier of fact, considering defendant's acts and surrounding circumstances, could conclude beyond a reasonable doubt that defendant acted with the intent to rape and sodomize the victim and that his actions came within dangerous proximity of reaching that end (see, *People v Jenks*, 239 AD2d 673; *People v Tenden*, 232 AD2d 244, *lv denied* 89 NY2d 947; *People v Peterkin*, 195 AD2d 1015, *lv denied* 82 NY2d 758; *People v Pereau*, 99 AD2d 591, *affd* 64 NY2d 1055). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (see, *People v Bleakley*, 69 NY2d 490, 495).

Next, defendant contends that his conviction of the crime of aggravated sexual abuse in the second degree is legally insufficient as there is no proof that his actions impaired the victim's physical condition or caused her substantial pain. The victim testified that, as she was being sexually assaulted, she felt great pain and that "it hurt me very, very much". In addition

to this subjective evidence, there was the objective evidence disclosed in the pelvic examination of the victim. Applying the appropriate standard of appellate review, we conclude that there was sufficient evidence that the victim suffered substantial pain (*see*, *People v Guidice*, 83 NY2d 630, 636; *People v Rojas*, 61 NY2d 726). Further, in our view, the jury's finding on this issue was not against the weight of the evidence (*see*, *People v Bleakley*, *supra*, at 490).

As the People concede, defendant's conviction of the crime of assault in the second degree must be reversed since that offense is an inclusory count of robbery in the second degree (*see*, *People v Ross*, 246 AD2d 561, *lv denied* 91 NY2d 1012). Likewise, the People agree that defendant's conviction of the crime of sexual abuse in the first degree must be reversed since that offense is an inclusive count of aggravated sexual abuse in the second degree (*see*, CPL 300.40 [3] [b]).

Inasmuch as we have, under similar factual circumstances, found that the crimes of robbery and rape were separate and distinct, County Court did not err in providing that the sentence imposed on defendant's robbery conviction was consecutive to those it imposed on the convictions of the sex-related crimes (*see*, *People v Whelan*, 198 AD2d 668, *lv denied* 83 NY2d 812; *People v Sinclair*, 150 AD2d 950; *People v Williams*, 114 AD2d 683).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crimes of assault in the second degree and sexual abuse in the first degree; those counts of the indictment charging said crimes are dismissed; and, as so modified, affirmed.