■ The People of the State of New York, Respondent, v Erik Sabori, Appellant. [17 NYS3d 296]—Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered April 5, 2011, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence disproved defendant's justification defense beyond a reasonable doubt.

Defendant's claim that the trial court erred when, after rejecting a partial verdict, it told the jury to resume deliberations without explicitly stating that the deliberations should be "upon the entire case" (CPL 310.70 [1] [b] [ii]), is unpreserved (*see People v Freire*, 232 AD2d 254 [1st Dept 1996], *lv denied* 89 NY2d 942 [1997]), and we decline to review it in the interest of justice. As an alternative holding, we would find that the court's failure to instruct the jury to continue their deliberations upon the entire case pursuant to CPL 310.70 was of no consequence. The error was subsequently remedied when the jury later reached, and the court accepted, a partial verdict identical to the verdict previously rejected by the court (*see People v Collado*, 211 AD2d 639 [2d Dept 1995], *lv denied* 85 NY2d 971 [1995]; *People v Williams*, 114 AD2d 683, 684-685 [3d Dept 1985]). Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.